**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SISVEL INTERNATIONAL S.A., <br><br> Plaintiff, <br><br> v. <br><br> CENTURYLINK COMMUNICATIONS, LLC, <br><br> Defendant. | Civil Action No. _____ <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Sisvel International S.A. ("Sisvel" or "Plaintiff"), for its Complaint against Defendant CenturyLink Communications, LLC ("CenturyLink" or "Defendant"), alleges the following:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**THE PARTIES**

2. Plaintiff is an entity organized under the laws of Luxembourg with a place of business at 6, Avenue Marie Thérèse, 2132 Luxembourg, Grand Duchy of Luxembourg.

3. Upon information and belief, CenturyLink Communications, LLC is a limited liability company organized and existing under the laws of Delaware, with a place of business at 100 CenturyLink Dr., Monroe, Louisiana 71203, and can be served through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Upon information and belief, Defendant sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products

and services that enter into the stream of commerce and that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this judicial district under 28 U.S.C. §1400(b). Upon information and belief, Defendant is incorporated in the State of Delaware.

7. Upon information and belief, Defendant is subject to this Court's general and specific personal jurisdiction because Defendant has sufficient minimum contacts within the State of Delaware and this District, pursuant to due process and/or the Del. Code. Ann. Tit. 3, § 3104, because Defendant purposefully availed itself of the privileges of conducting business in the State of Delaware and in this District, because Defendant regularly conducts and solicits business within the State of Delaware and within this District, and because Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Delaware and this District. Further, this Court has personal jurisdiction over Defendant because it is incorporated in Delaware and has purposely availed itself of the privileges and benefits of the laws of the State of Delaware.

## BACKGROUND

8. Plaintiff is the owner by assignment of a portfolio of patents, including the nine patents described in detail in the counts below (collectively, the "Asserted Patents"), that relate to digital subscriber line ("DSL") technology, including the variations of DSL technology such as, but not limited to, ADSL, VDSL, HDSL, SHDSL and SDSL, which collection is generally

referred to as xDSL or simply "DSL." DSL technology is used to provide broadband access to data networks, such as the Internet.

9. The International Telecommunication Union ("ITU") is the United Nations specialized agency in the field of telecommunications, information and communication technologies ("ICTs"). The ITU Telecommunication Standardization Sector ("ITU-T") is a permanent subgroup of ITU. ITU assemble experts from around the world to develop international standards known as ITU-T Recommendations. These Recommendations contain certain mandatory provisions (to ensure, e.g., interoperability or applicability) and compliance with the Recommendation is achieved when all of these mandatory provisions are met.

10. The ITU has adopted a number of industry standards relating to various DSL technologies, including the ITU-T handshake procedures for digital subscriber line transceivers ("ITU G.994.1"). This standard is widely implemented.

11. The Asserted Patents are essential to practicing the ITU G.994.1 standard related to DSL technology. As shown in the attached Exhibits 10-18, DSL technologies certified as compliant with the ITU G.994.1 standard necessarily meet the claim limitations of each of the asserted claims of the Asserted Patents. Plaintiff notes that Exhibits 10-18 are based exclusively on publicly available information, and without the benefit of any Court claim construction. Accordingly, for each Count below, Plaintiff reserves the right to supplement, amend or modify the analysis as warranted in light of additional facts, claim construction or other developments. Plaintiff further reserves the right to add additional claims as the case progresses.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,768,772

12. The allegations set forth in the foregoing paragraphs 1 through 11 are incorporated into this First Claim for Relief.

13. On July 27, 2004, U.S. Patent No. 6,768,772 ("the '772 patent"), entitled "Activation of Multiple XDSL Modems with Implicit Channel Probe" was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '772 patent is attached as Exhibit 1.

14. Plaintiff is the assignee and owner of the right, title and interest in and to the '772 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

15. Upon information and belief, Defendant has and continues to directly infringe at least claims 16 and 24 of the '772 patent by making, using, selling, importing and/or providing, practicing and causing to be used DSL technology, equipment and services that infringe the patented methods by operating in compliance with the ITU G.994.1 standard (the "Accused Instrumentalities"). The Accused Instrumentalities include, but are not limited to, "CenturyLink High-Speed Internet." (http://internethelp.centurylink.com/internethelp/install-about.html# (accessed August 10, 2017).)

16. As one example of compliance with ITU G.994.1, CenturyLink lists on its website "a list of modems that have been tested and approved to work on the CenturyLink network." (http://internethelp.centurylink.com/internethelp/mobile/modem-compatibility-table.html (accessed August 10, 2017).) The data sheets or manuals for at least some products indicate that they operate in accordance with, and/or comply with the ITU G.994.1 standard. For instance, Actiontec M1000 is listed on CenturyLink's website. (http://internethelp.centurylink.com/internethelp/mobile/modem-compatibility-table.html (accessed August 10, 2017).) As seen in its product documentation, Actiontec M1000 complies with the ITU G.994.1 standard. (Exhibit 19, at 2) (specifying under "Descriptions" that product

is compliant with G.994.1).) On information and belief, other products, equipment and services made, used, sold, offered for sale, imported, providing, practiced, and/or caused to be practiced or used by CenturyLink comply with ITU G.994.1.

17. The Accused Instrumentalities infringe at least claims 16 and 24 of the '772 patent, as set forth in Exhibit 10.

18. Upon information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

19. Defendant was made aware of the '772 patent and its infringement thereof at least as early as the filing of this Complaint.

20. Upon information and belief, since at least the filing of this Complaint, Defendant has induced and continues to induce others to infringe at least one claim of the '772 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '772 patent.

21. In particular, Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

22. Upon information and belief, Defendant is liable as a contributory infringer of the '772 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States DSL equipment that operates in accordance with the ITU G.994.1 standard and infringes

the patented methods, to be especially made or adapted for use in an infringement of the '772 patent. Each of the Accused Instrumentalities is a material component for use in practicing the '772 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

23. Since the date of the filing of this Complaint, Defendant's infringement has been willful.

24. Plaintiff has been harmed by Defendant's infringing activities.

### COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,508,867

25. The allegations set forth in the foregoing paragraphs 1 through 24 are incorporated into this Second Claim for Relief.

26. On March 24, 2009, U.S. Patent No. 7,508,867 ("the '867 patent"), entitled "Activation of Multiple XDSL Modems with Implicit Channel Probe" was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '867 patent is attached as Exhibit 2.

27. Plaintiff is the assignee and owner of the right, title and interest in and to the '867 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

28. The Accused Instrumentalities infringe at least claims 10 and 19 of the '867 patent, as set forth in Exhibit 11.

29. Upon information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

30. Defendant was made aware of the '867 patent and its infringement thereof at least as early as the filing of this Complaint.

31. Upon information and belief, since at least the filing of this Complaint, Defendant has induced and continues to induce others to infringe at least one claim of the '867 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '867 patent.

32. In particular, Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

33. Upon information and belief, Defendant is liable as a contributory infringer of the '867 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States DSL equipment that operates in accordance with the ITU G.994.1 standard and infringes the patented methods, to be especially made or adapted for use in an infringement of the '867 patent. Each of the Accused Instrumentalities is a material component for use in practicing the '867 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

34. Since the date of the filing of this Complaint, Defendant's infringement has been willful.

35. Plaintiff has been harmed by Defendant's infringing activities.

### COUNT III – INFRINGEMENT OF U.S. PATENT NO. 6,952,442

36. The allegations set forth in the foregoing paragraphs 1 through 35 are incorporated into this Third Claim for Relief.

37. On October 4, 2005, U.S. Patent No. 6,952,442 ("the '442 patent"), entitled "Activation of Multiple XDSL Modems with Implicit Channel Probe" was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '442 patent is attached as Exhibit 3.

38. Plaintiff is the assignee and owner of the right, title and interest in and to the '442 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

39. The Accused Instrumentalities infringe at least claims 20 and 33 of the '442 patent, as set forth in Exhibit 12.

40. Upon information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

41. Defendant was made aware of the '442 patent and its infringement thereof at least as early as the filing of this Complaint.

42. Upon information and belief, since at least the filing of this Complaint, Defendant has induced and continues to induce others to infringe at least one claim of the '442 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '442 patent.

43. In particular, Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the

Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

44. Upon information and belief, Defendant is liable as a contributory infringer of the '442 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States DSL equipment that operates in accordance with the ITU G.994.1 standard and infringes the patented methods, to be especially made or adapted for use in an infringement of the '442 patent. Each of the Accused Instrumentalities is a material component for use in practicing the '442 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

45. Since the date of the filing of this Complaint, Defendant's infringement has been willful.

46. Plaintiff has been harmed by Defendant's infringing activities.

**COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 6,987,802**

47. The allegations set forth in the foregoing paragraphs 1 through 46 are incorporated into this Fourth Claim for Relief.

48. On January 17, 2006, U.S. Patent No. 6,987,802 ("the '802 patent"), entitled "Activation of Multiple XDSL Modems with Implicit Channel Probe" was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '802 patent is attached as Exhibit 4.

49. Plaintiff is the assignee and owner of the right, title and interest in and to the '802 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

50. The Accused Instrumentalities infringe at least claims 8 and 15 of the '802 patent, as set forth in Exhibit 13.

51. Upon information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

52. Defendant was made aware of the '802 patent and its infringement thereof at least as early as the filing of this Complaint.

53. Upon information and belief, since at least the filing of this Complaint, Defendant has induced and continues to induce others to infringe at least one claim of the '802 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '802 patent.

54. In particular, Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

55. Upon information and belief, Defendant is liable as a contributory infringer of the '802 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States DSL equipment that operates in accordance with the ITU G.994.1 standard and infringes the patented methods, to be especially made or adapted for use in an infringement of the '802 patent. Each of the Accused Instrumentalities is a material component for use in practicing the '802 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

56. Since the date of the filing of this Complaint, Defendant's infringement has been willful.

57. Plaintiff has been harmed by Defendant's infringing activities.

## COUNT V – INFRINGEMENT OF U.S. PATENT NO. 6,934,326

58. The allegations set forth in the foregoing paragraphs 1 through 57 are incorporated into this Fifth Claim for Relief.

59. On August 23, 2005, U.S. Patent No. 6,934,326 ("the '326 patent"), entitled "Activation of Multiple XDSL Modems with Implicit Channel Probe" was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '326 patent is attached as Exhibit 5.

60. Plaintiff is the assignee and owner of the right, title and interest in and to the '326 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

61. The Accused Instrumentalities infringe at least claims 39 and 58 of the '326 patent, as set forth in Exhibit 14.

62. Upon information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

63. Defendant was made aware of the '326 patent and its infringement thereof at least as early as the filing of this Complaint.

64. Upon information and belief, since at least the filing of this Complaint, Defendant has induced and continues to induce others to infringe at least one claim of the '326 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners, clients,

customers/subscribers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '326 patent.

65. In particular, Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

66. Upon information and belief, Defendant is liable as a contributory infringer of the '326 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States DSL equipment that operates in accordance with the ITU G.994.1 standard and infringes the patented methods, to be especially made or adapted for use in an infringement of the '326 patent. Each of the Accused Instrumentalities is a material component for use in practicing the '326 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

67. Since the date of the filing of this Complaint, Defendant's infringement has been willful.

68. Plaintiff has been harmed by Defendant's infringing activities.

**COUNT VI – INFRINGEMENT OF U.S. PATENT NO. 6,765,957**

69. The allegations set forth in the foregoing paragraphs 1 through 68 are incorporated into this Sixth Claim for Relief.

70. On July 20, 2004, U.S. Patent No. 6,765,957 ("the '957 patent"), entitled "Activation of Multiple XDSL Modems with Implicit Channel Probe" was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '957 patent is attached as Exhibit 6.

71. Plaintiff is the assignee and owner of the right, title and interest in and to the '957 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

72. The Accused Instrumentalities infringe at least claim 14 of the '957 patent, as set forth in Exhibit 15.

73. Upon information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

74. Defendant was made aware of the '957 patent and its infringement thereof at least as early as the filing of this Complaint.

75. Upon information and belief, since at least the filing of this Complaint, Defendant has induced and continues to induce others to infringe at least one claim of the '957 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '957 patent.

76. In particular, Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

77. Upon information and belief, Defendant is liable as a contributory infringer of the '957 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States DSL equipment that operates in accordance with the ITU G.994.1 standard and infringes

the patented methods, to be especially made or adapted for use in an infringement of the '957 patent. Each of the Accused Instrumentalities is a material component for use in practicing the '957 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

78. Since the date of the filing of this Complaint, Defendant's infringement has been willful.

79. Plaintiff has been harmed by Defendant's infringing activities.

### COUNT VII – INFRINGEMENT OF U.S. PATENT NO. 6,694,470

80. The allegations set forth in the foregoing paragraphs 1 through 79 are incorporated into this Seventh Claim for Relief.

81. On February 17, 2004, U.S. Patent No. 6,694,470 ("the '470 patent"), entitled "Retransmission Procedure and Apparatus for Handshaking Protocol" was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '470 patent is attached as Exhibit 7.

82. Plaintiff is the assignee and owner of the right, title and interest in and to the '470 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

83. The Accused Instrumentalities infringe at least claims 6, 18 and 26 of the '470 patent, as set forth in Exhibit 16.

84. Upon information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

85. Defendant was made aware of the '470 patent and its infringement thereof at least as early as the filing of this Complaint.

86. Upon information and belief, since at least the filing of this Complaint, Defendant has induced and continues to induce others to infringe at least one claim of the '470 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '470 patent.

87. In particular, Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

88. Upon information and belief, Defendant is liable as a contributory infringer of the '470 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States DSL equipment that operates in accordance with the ITU G.994.1 standard and infringes the patented methods, to be especially made or adapted for use in an infringement of the '470 patent. Each of the Accused Instrumentalities is a material component for use in practicing the '470 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

89. Since the date of the filing of this Complaint, Defendant's infringement has been willful.

90. Plaintiff has been harmed by Defendant's infringing activities.

### COUNT VIII – INFRINGEMENT OF U.S. PATENT NO. 7,051,258

91. The allegations set forth in the foregoing paragraphs 1 through 90 are incorporated into this Eight Claim for Relief.

92. On May 23, 2006, U.S. Patent No. 7,051,258 ("the '258 patent"), entitled "Retransmission Procedure and Apparatus for Handshaking Protocol" was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '258 patent is attached as Exhibit 8.

93. Plaintiff is the assignee and owner of the right, title and interest in and to the '258 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

94. The Accused Instrumentalities infringe at least claims 9 and 17 of the '258 patent, as set forth in Exhibit 17.

95. Upon information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

96. Defendant was made aware of the '258 patent and its infringement thereof at least as early as the filing of this Complaint.

97. Upon information and belief, since at least the filing of this Complaint, Defendant has induced and continues to induce others to infringe at least one claim of the '258 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '258 patent.

98. In particular, Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the

Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

99. Upon information and belief, Defendant is liable as a contributory infringer of the ’258 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States DSL equipment that operates in accordance with the ITU G.994.1 standard and infringes the patented methods, to be especially made or adapted for use in an infringement of the ’258 patent. Each of the Accused Instrumentalities is a material component for use in practicing the ’258 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

100. Since the date of the filing of this Complaint, Defendant’s infringement has been willful.

101. Plaintiff has been harmed by Defendant’s infringing activities.

**COUNT IX – INFRINGEMENT OF U.S. PATENT NO. 6,999,506**

102. The allegations set forth in the foregoing paragraphs 1 through 101 are incorporated into this Ninth Claim for Relief.

103. On February 14, 2006, U.S. Patent No. 6,999,506 (“the ’506 patent”), entitled “Activation of Multiple XDSL Modems with Half Duplex And Full Duplex Procedures” was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the ’506 patent is attached as Exhibit 9.

104. Plaintiff is the assignee and owner of the right, title and interest in and to the ’506 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

105. The Accused Instrumentalities infringe at least claims 1, 4, 6 and 9 of the ’506 patent, as set forth in Exhibit 18.

106. Upon information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

107. Defendant was made aware of the '506 patent and its infringement thereof at least as early as the filing of this Complaint.

108. Upon information and belief, since at least the filing of this Complaint, Defendant has induced and continues to induce others to infringe at least one claim of the '506 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '506 patent.

109. In particular, Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

110. Upon information and belief, Defendant is liable as a contributory infringer of the '506 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States DSL equipment that operates in accordance with the ITU G.994.1 standard and infringes the patented methods, to be especially made or adapted for use in an infringement of the '506 patent. Each of the Accused Instrumentalities is a material component for use in practicing the '506 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

111. Since the date of the filing of this Complaint, Defendant's infringement has been willful.

112. Plaintiff has been harmed by Defendant's infringing activities.

## STATEMENT REGARDING FRAND OBLIGATION

113. Pursuant to relevant policies governing the standards organization, and because the Asserted Patents are necessary to practice the ITU G.994.1 standard technology, Plaintiff agrees to license users of ITU G.994.1 standard technology under the Asserted Patents on fair, reasonable, and non-discriminatory (FRAND) terms. Plaintiff intends to abide by such terms by furnishing a courtesy copy of this Complaint upon filing, in advance of service, so that the Parties may amicably agree to such a FRAND royalty. Plaintiff intends to negotiate such FRAND terms in good faith, and will be amenable to a delay of service and/or an immediate stay of the matter if Defendant also negotiates in good faith, so that no party need bear any unnecessary cost or expense. If Defendant contests the obligation to abide by such terms, through action or inaction, then Plaintiff shall proceed against Defendant as an unwilling licensee and pursue the highest damages and/or other relief available under the law.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for itself and against Defendant as follows:

A. An adjudication that Defendant has infringed the '772 patent, '867 patent, '442 patent, '802 patent, '326 patent, '957 patent, '470 patent, '258 patent and '506 patent.

B. An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement of the '772 patent, '867 patent, '442 patent, '802 patent, '326

patent, '957 patent, '470 patent, '258 patent and '506 patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

      C.      A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

      D.      An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

Dated: August 23, 2017                DEVLIN LAW FIRM LLC

                                          By: */s/ Timothy Devlin*
                                          Timothy Devlin (#4241)
                                          tdevlin@devlinlawfirm.com
                                          1306 N. Broom St., 1st Floor
                                          Wilmington, Delaware 19806

                                          Telephone: (302) 449-9010
                                          Facsimile: (302) 353-4251

                                          *Attorneys for Plaintiff*
                                          *SISVEL INTERNATIONAL S.A.*